**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Lee Cole, ) | CIV 08-1179-PHX-MHM (MHB) |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Dora B. Schriro, et al., ) | |
| Respondents. ) | |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

Petitioner Jerry Lee Cole, who is confined in the Arizona State Prison Complex, Cheyenne Unit, in San Luis, Arizona, filed a *pro se* first amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #7). Respondents filed an Answer on December 9, 2008 (Doc. #13), and Petitioner filed a "response to Respondents['] answering to petition" and memorandum of points and authorities on January 26, 2009 (Docs. ##17, 18).

## BACKGROUND

Petitioner was convicted, as charged, on one count of Burglary in the Third Degree and one count of Possession of Burglary Tools. (Doc. #14, Exh. A (Part 3).) The State filed an allegation of 10 prior felony convictions. (Doc. #14, Exh. B.) Prior to sentencing, Petitioner admitted to having two prior felony convictions. (Doc. #14, Exhs. C; D at 3-4.) The presentence investigation report also referenced Petitioner's criminal history. (Doc. #14, Exh. E.) The court imposed concurrent, aggravated prison sentences of 12 years for Burglary in the Third Degree and 4.5 years for Possession of Burglary Tools. (Doc. #14, Exh. F.) The court also aggravated Petitioner's sentences based on his "criminal history beyond the two

1  (2) priors proven as aggravating factors."[1]  (Doc. #14, Exh. F.)  Petitioner made no objection
2  to the court's findings or to the imposition of aggravated sentences.  (Doc. #14, Exh. G at 9-
3  10.)

4  On subsequent appeal, Petitioner alleged, pursuant to Blakely v. Washington, 542
5  U.S. 296 (2004), that the trial court erred in sentencing him to aggravated terms in violation
6  of the Sixth and Fourteenth Amendments.  (Doc. #14, Exh. H.)  Following briefing, the
7  Arizona Court of Appeals vacated Petitioner's sentences and remanded for resentencing,
8  holding that the trial court's finding of Petitioner's criminal history as an aggravating factor
9  violated Blakely because the facts supporting Petitioner's criminal history were not found
10 by the jury and that in this case it could not conclude the error was harmless.  (Doc. #14,
11 Exhs. I, J.)  The State filed a petition for review in the Arizona Supreme Court, which
12 granted review and remanded back to the Arizona Court of Appeals to reconsider in light of
13 State v. Martinez, 115 P.3d 618 (Ariz. 2005) and State v. Hernandez, 115 P.3d 601 (Ariz.
14 2005).  (Doc. #14, Exhs. K, L.)  On remand, the Arizona Court of Appeals affirmed
15 Petitioner's convictions and sentences on December 22, 2005.  (Doc. #14, Exh. M.)

16 Following a timely notice of post-conviction relief, counsel filed a notice of
17 completion averring that no cognizable claims could be found.  (Doc. #14, Exhs. N, O.)
18 Petitioner then filed a *pro per* petition for post-conviction relief in which he raised three
19 claims:  (1) Petitioner was detained and arrested without probable cause; (2) Petitioner's
20 Sixth Amendment right to an impartial jury was violated; and (3) Petitioner's right to
21 effective assistance of appellate and post-conviction counsel was violated.  (Doc. #14, Exh.
22 P.)

23 After briefing concluded, the trial court dismissed the petition summarily, finding that
24 claims 1 and 2 were precluded by Rule 32, for not having been raised on appeal, and claim
25 3 was insufficient as Petitioner failed to provide any factual basis for his ineffective

---

28 [1] The presentence report identified 10 prior felony convictions (Doc. #14, Exh. E), and the State alleged that Petitioner had 10 prior felony convictions (Doc. #14, Exh. B).

1  assistance claim. (Doc. #14, Exhs. Q, R.) The Arizona Court of Appeals denied review on
2  November 8, 2007. (Doc. #14, Exh. S.)

3        On September 15, 2008, Petitioner filed an amended habeas petition raising three
4  claims for relief. (Doc. #7.) In Ground One, Petitioner alleges that his federal due process
5  rights were violated in connection with a show-up identification and testimony given at trial.
6  (Doc. #7 at 6.) In Ground Two, Petitioner asserts his Sixth Amendment right to an impartial
7  jury was violated by the prosecutor's use of strikes of potential jurors based on their race for
8  non-race neutral reasons. (Doc. #7 at 7.) In Ground Three, Petitioner contends that he was
9  denied effective assistance of counsel on appeal and in state post-conviction proceedings.
10 (Doc. #7 at 10.)

11       Respondents filed an Answer on December 9, 2008 (Doc. #13), and Petitioner filed
12 a "response to Respondents['] answering to petition" and memorandum of points and
13 authorities on January 26, 2009 (Docs. ##17, 18).

14 **DISCUSSION**

15       In their Answer, Respondents argue that all three of the claims asserted in Petitioner's
16 amended habeas petition are procedurally defaulted. Respondents request that because
17 Petitioner's procedural defaults cannot be excused, the Court should dismiss the amended
18 Petition for Writ of Habeas Corpus with prejudice.

19 **A.  Exhaustion and Procedural Default**

20       A state prisoner must exhaust his remedies in state court before petitioning for a writ
21 of habeas corpus in federal court. See 28 U.S.C. § 2254(b)(1) and (c); Duncan v. Henry, 513
22 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To
23 properly exhaust state remedies, a petitioner must fairly present his claims to the state's
24 highest court in a procedurally appropriate manner. See O'Sullivan v. Boerckel, 526 U.S.
25 838, 839-46 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona
26 Court of Appeals by properly pursuing them through the state's direct appeal process or
27 through appropriate post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th
28 Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

Proper exhaustion requires a petitioner to have "fairly presented" to the state courts the exact federal claim he raises on habeas by describing the operative facts and federal legal theory upon which the claim is based. See, e.g., Picard v. Connor, 404 U.S. 270, 275-78 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). A claim is only "fairly presented" to the state courts when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim under the United States Constitution." Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000) (quotations omitted); see Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

A "general appeal to a constitutional guarantee," such as due process, is insufficient to achieve fair presentation. Shumway, 223 F.3d at 987 (quoting Gray v. Netherland, 518 U.S. 152, 163 (1996)); see Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."). Similarly, a federal claim is not exhausted merely because its factual basis was presented to the state courts on state law grounds – a "mere similarity between a claim of state and federal error is insufficient to establish exhaustion." Shumway, 223 F.3d at 988 (quotations omitted); see Picard, 404 U.S. at 275-77.

Even when a claim's federal basis is "self-evident," or the claim would have been decided on the same considerations under state or federal law, a petitioner must still present the federal claim to the state courts explicitly, "either by citing federal law or the decisions of federal courts." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000) (quotations omitted), amended by 247 F.3d 904 (9th Cir. 2001); see Baldwin v. Reese, 541 U.S. 27, 32 (2004) (claim not fairly presented when state court "must read beyond a petition or a brief ... that does not alert it to the presence of a federal claim" to discover implicit federal claim).

Additionally, under the independent state grounds principle, a federal habeas court generally may not review a claim if a state court's denial of relief rests upon an independent

1 and adequate state ground. See Coleman v. Thompson, 501 U.S. 722, 731-32. The United
2 States Supreme Court has explained:

> In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

7 Id. at 730-31. A petitioner who fails to follow a state's procedural requirements for
8 presenting a valid claim deprives the state court of an opportunity to address the claim in
9 much the same manner as a petitioner who fails to exhaust his state remedies. Thus, in order
10 to prevent a petitioner from subverting the exhaustion requirement by failing to follow state
11 procedures, a claim not presented to the state courts in a procedurally correct manner is
12 deemed procedurally defaulted, and is generally barred from habeas relief. See id. at 731-32.

13 Claims may be procedurally barred from federal habeas review based upon a variety
14 of factual circumstances. If a state court expressly applied a procedural bar when a petitioner
15 attempted to raise the claim in state court, and that state procedural bar is both
16 "independent"[2] and "adequate"[3] – review of the merits of the claim by a federal habeas court
17 is barred. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("When a state-law default
18 prevents the state court from reaching the merits of a federal claim, that claim can ordinarily
19 not be reviewed in federal court.") (citing Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977)
20 and Murray v. Carrier, 477 U.S. 478, 485-492 (1986)).

21 Moreover, if a state court applies a procedural bar, but goes on to alternatively address
22 the merits of the federal claim, the claim is still barred from federal review. See Harris v.
23 Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of

---

[2] A state procedural default rule is "independent" if it does not depend upon a federal constitutional ruling on the merits. See Stewart v. Smith, 536 U.S. 856, 860 (2002).

[3] A state procedural default rule is "adequate" if it is "strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (quoting Hathorn v. Lovorn, 457 U.S. 255, 262-53 (1982)).

a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. ... In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.") (citations omitted); Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim.") (citing Harris, 489 U.S. at 264 n.10).

Furthermore, a subsequent "silent" denial of review by a higher court simply affirms a lower court's application of a procedural bar. See Ylst, 501 U.S. at 803 ("where ... the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits").

A procedural bar may also be applied to unexhausted claims where state procedural rules make a return to state court futile. See Coleman, 501 U.S. at 735 n.1 (claims are barred from habeas review when not first raised before state courts and those courts "would now find the claims procedurally barred"); Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir. 2002) ("[T]he procedural default rule barring consideration of a federal claim 'applies only when a state court has been presented with the federal claim,' but declined to reach the issue for procedural reasons, or 'if it is clear that the state court would hold the claim procedurally barred.'") (quoting Harris, 489 U.S. at 263 n. 9).

In Arizona, claims not previously presented to the state courts via either direct appeal or collateral review are generally barred from federal review because an attempt to return to state court to present them is futile unless the claims fit in a narrow category of claims for which a successive petition is permitted. See Ariz.R.Crim.P. 32.1(d)-(h) & 32.2(a) (precluding claims not raised on appeal or in prior petitions for post-conviction relief, except for narrow exceptions); Ariz.R.Crim.P. 32.4 (time bar). Because Arizona's preclusion rule (Rule 32.2(a)) is both "independent" and "adequate," either its specific application to a claim

1  by an Arizona court, or its operation to preclude a return to state court to exhaust a claim,
2  will procedurally bar subsequent review of the merits of that claim by a federal habeas court.
3  See Stewart, 536 U.S. at 860 (determinations made under Arizona's procedural default rule
4  are "independent" of federal law); Smith v. Stewart, 241 F.3d 1191, 1195 n.2 (9th Cir. 2001)
5  ("We have held that Arizona's procedural default rule is regularly followed ["adequate"] in
6  several cases.") (citations omitted), reversed on other grounds, Stewart v. Smith, 536 U.S.
7  856 (2002); see also Ortiz v. Stewart, 149 F.3d 923, 931-32 (rejecting argument that Arizona
8  courts have not "strictly or regularly followed" Rule 32 of Arizona Rules of Criminal
9  Procedure); State v. Mata, 916 P.2d 1035, 1050-52 (Ariz. 1996) (waiver and preclusion rules
10 strictly applied in post-conviction proceedings).

11 A review of Petitioner's post-conviction relief proceedings reveals that Petitioner has
12 procedurally defaulted all three claims asserted in his amended habeas petition.

13 In Ground One, Petitioner alleges that his federal due process rights were violated in
14 connection with a show-up identification and testimony given at trial. (Doc. #7 at 6.)
15 Specifically, Petitioner states:

> Trial transcripts reveal that no description of perpetrators['] clothing or characteristics was given by the victim to the police during direct examination and [cross-examination] of officer Beauchamp. He confirmed that no description could be given at all of the suspects. While detaining the Petitioner[,] Officer Beauchamp then, in an attempt to create pro-suggestive "tic tacs" the victim, who had no ability to identify the perpetrators, was brought to do a "show up or one on one," where the Petitioner was being detained. This "show up" did not produce a positive identification nor did it possess sufficient aspects of reliability and therefore testimony admitted in trial violated [Petitioner's] due process rights.

(Doc. #7 at 6.)

In Ground Two, Petitioner alleges his Sixth Amendment right to an impartial jury was violated by the prosecutor's use of peremptory strikes to remove minorities from the jury panel, based upon non-race neutral reasons. (Doc. #7 at 7.) Petitioner complains that:

> Strikes were used by the State to exclude minorities from the jury without cause, and (B) a ruling contrary to the Arizona Code of Judicial Administration (Supreme Court mandate) constituted "structural error" for which prejudice is generally presumed.

> Under the "equal protection clause," Petitioner is guaranteed that the State will not exclude members on account of race. Juror #19 is a [H]ispanic (minority) woman who was stricken by the prosecution in absence of a race-neutral reason.
>
>         \*      \*      \*
>
> Although Robert James [director of jury management] had no way to determine how many of the 1200 people summoned that day were [African-American], he did confirm that of the 229 potential jurors who assembled downtown, only 3 were [African-American]. 1.3% of those appearing. This is less than half of the counties registered residents reported to be [African-American]. Considering the ethnicity of [Petitioner] was [African-American], an object[ion] was lodged, and testimony confirmed under-representation, a Court ordered adjustment was necessary to ensure [Petitioner] a fair trial.

(Doc. #7 at 7-8.)

Although it appears that Petitioner raised these claims in his petition for post-conviction relief (Doc. #14, Exh. P), the state court imposed a procedural bar to avoid reaching the merits of the claims by denying relief pursuant to Rule 32, Arizona Rules of Criminal Procedure – because these claims should have been raised on direct appeal. (Doc. #14, Exh. R.) The Arizona Court of Appeals denied review on November 8, 2007. (Doc. #14, Exh. S.)

Rule 32.2(a) of the Arizona Rules of Criminal Procedure constitutes an independent state law ground, see Stewart, 536 U.S. at 860, and the Ninth Circuit has repeatedly determined that Arizona regularly and consistently applies its preclusion rules such that they are an adequate bar to federal review of a claim. See Ortiz, 149 F.3d at 931-32. Thus, Grounds One and Two are procedurally defaulted and federal habeas review is barred unless Petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse the default.

In Ground Three, Petitioner alleges that he was denied effective assistance of counsel on appeal and in state post-conviction proceedings. (Doc. #7 at 10.) Petitioner specifically states:

> A review of [Petitioner's] record on appeal reveals preserved jury pool and venire panel issues, which carry significant constitutional stature, and implicate the adequate compliance with fundamental fairness component of Arizona due process. While neglecting to raise either of these fundament, appellate counsel's sole claim a [Blakely] argument was remanded, then

> vacated on review and [Petitioner's] conviction and original sentence affirmed ... . Effective and competent appellate representation consist[s] of review of all transcripts and records. To neglect or ignore arguable issues supported by preserving objections on the record constitute[s] ineffective representation. When [ ] exist, the trial court should hold an evidentiary hearing to allow the Petitioner to raise relevant issues, solve the matter and create a record. The jury venire panel is an issue which in reviewing, necessitates interpretation of the meaning, purpose, and requirements of the Arizona Code of Judicial Administration § 5-203(b)3, as well as defining of what burden the courts places on the trial judge. [Petitioner] was tried in violation of his Sixth Amendment right establishes a reasonable probability that the outcome of his appeal would have been different had his appellate counsel raised the preserved jury venire panel issue.

(Doc. #7 at 10.)

In his petition for post-conviction relief, Petitioner's third claim was titled "Petitioner[']s Sixth Amendment Right to have competent representation was violated by his appellate and post-conviction [counsel]." (Doc. #14, Exh. P at 13.) Petitioner, however, failed to state any factual basis to support this conclusory claim. (Doc. #14, Exh. P at 13.) As such, the state court summarily dismissed Petitioner's claim. (Doc. #14, Exh. R.) The Arizona Court of Appeals denied review on November 8, 2007. (Doc. #14, Exh. S.)

The Court's review of Petitioner's amended habeas petition and petition for post-conviction relief reveals that Petitioner failed to fairly present the instant claim alleging denial of effective assistance of counsel to the state court. Petitioner's broad assertions of constitutional rights in his petition for post-conviction relief – not supported by specific facts or arguments demonstrating how his federal rights were violated – do not transform a claim into a federal one. Merely placing a "due process" or "ineffective assistance of counsel" label in his PCR petition does not entitle Petitioner to federal relief.

As previously stated, proper exhaustion requires a petitioner to have "fairly presented" to the state court the exact federal claim he raises on habeas by describing the operative facts and federal legal theory upon which the claim is based. See Picard, 404 U.S. at 275-78 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995) (broad, conclusory allegations of ineffective assistance of counsel are insufficient to state a cognizable claim); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999), citing

Gray, 518 U.S. at 162-63 ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion"). A petitioner must present a federal claim to the state courts explicitly, either by citing to federal law or to a federal court decision. See Lyons, 232 F.3d at 668. Petitioner did neither here.

Petitioner has failed to exhaust his state court remedies, and he would no longer have a remedy if he returned to the state court to present this claim. See Teague v. Lane, 489 U.S. 288, 297-99; Ariz.R.Crim.P. 32.2(a) and 32.4(a). As such, this claim is procedurally defaulted.

## B.     Cause and Prejudice or a Fundamental Miscarriage of Justice

The federal court will not consider the merits of a procedurally defaulted claim unless a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman, 501 U.S. at 750-51; Murray, 477 U.S. at 495-96. Pursuant to the "cause and prejudice" test, a petitioner must point to some external cause that prevented him from following the procedural rules of the state court and fairly presenting his claim. "A showing of cause must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule. Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." Robinson v. Ignacio, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations and internal quotations omitted). Ignorance of the State's procedural rules or other forms of general inadvertence or lack of legal training and a petitioner's mental condition do not constitute legally cognizable "cause" for a petitioner's failure to fairly present his claim. Regarding the "miscarriage of justice," the Supreme Court has made clear that a fundamental miscarriage of justice exists when a Constitutional violation has resulted in the conviction of one who is actually innocent. See Murray, 477 U.S. at 495-96.

In his "response to Respondents['] answering to petition" and memorandum of points and authorities, Petitioner recites the same merits arguments made in his amended habeas

petition. (Docs. ##17, 18.) As such, Petitioner has not established cause for his failure to raise his claims in state court, nor has he shown actual prejudice. Petitioner has also not demonstrated that a miscarriage of justice would result if these issues are not addressed.

Accordingly, Petitioner has procedurally defaulted all of the claims asserted in his amended habeas petition. The Court will recommend that these claims be denied.

## CONCLUSION

Having determined that all of the claims presented in Petitioner's amended habeas petition are procedurally defaulted the Court will recommend that Petitioner's amended Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #7) be **DENIED** and **DISMISSED WITH PREJUDICE**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed.R.Civ.P. 72.

DATED this 19th day of March, 2009.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge

- 11 -